UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| BARBARA J. HASKINS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BIG LOTS, )<br>)<br>Defendant. )<br>) | ACTION NO. 3:06-CV-00231-JMM |

## JOINT STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY

The Parties to this action have stipulated, through their respective counsel, to the entry of this Joint Stipulation And Protective Order Regarding Confidentiality ("Protective Order").

1.

During the course of discovery, Defendant Big Lots Stores, Inc. (incorrectly named as "Big Lots") (herein "Big Lots") may identify and agree to produce personnel documents of certain current and former Big Lots employees. Such personnel documents contain confidential and personal information pertaining to individuals who are not parties to this lawsuit. The purpose of this Protective Order is to ensure that the information and documents relating to Big Lots' current and former employees are restricted to persons involved with this litigation. Accordingly, such information and documents are deemed confidential and subject to the provisions of this Protective Order.

2.

Further, during the course of discovery, both Parties may request additional personal, confidential, or proprietary documentation from each other or from third parties. If any

documents which have been produced in anticipation of this Protective Order or which will be produced contain personal, confidential, or proprietary information, the producing Party (including any third party producing such documents) may mark the documents "CONFIDENTIAL." Any document so marked shall not be disclosed to any person except as may be permitted by this Protective Order. The designation of any document as "CONFIDENTIAL" will be made in good faith.

3.

The use of any documents or information therein subject to this Protective Order shall be restricted to the following persons:

(a) The Parties to this litigation;

(b) Counsel for the Parties to this litigation, including their respective paralegals and clerical employees;

(c) Witnesses or prospective witnesses, including but not limited to persons requested by counsel to furnish technical or other expert services, to give testimony or to otherwise prepare for any deposition, hearing, trial, or any other proceeding in this action, provided such witness or prospective witness agrees to be expressly bound by the terms of this Protective Order and not disclose the documents or information therein to any party or person outside this litigation; and

(d) The Court and its personnel, including the stenographic reporters not regularly employed by the Court who are engaged by the Parties or the Court during the litigation of this case.

4.

Upon final termination of this action, whether via completion of trial and any appeal in this action and the satisfaction of any judgment, or upon the conclusion of settlement of this action, all persons subject to this Order shall, upon written request, return to the producing Party or destroy all documents and information subject to this Protective Order, including any and all copies, prints, negatives, or summaries, and including any and all copies, prints, negatives, and summaries in the possession of employees, experts, or consultants employed or retained by counsel for the Parties, except those items compromising any appellate record, trial court record, privileged communications, or attorney work product. Upon written request, counsel for the non-producing Party shall further certify to counsel for the producing Party that all such documents or information required to be returned or destroyed have been returned or destroyed.

5.

The provisions of this Protective Order shall not affect the admissibility of evidence or any objections to same at trial or any other proceeding in this Court except as may be provided by separate order or agreement.

6.

No Party shall seek sanctions based on an application to the Court for an interpretation of confidentiality pursuant to this Protective Order. Each Party shall bear its own attorneys' fees related to any such application.

SO ORDERED this \_\_\_\_ day of _____, 2007.

_____
THE HONORABLE JAMES M. MOODY
UNITED STATES DISTRICT JUDGE

STIPULATED TO:

_____
Thomas S. Stone
Dover Dixon Horne PPLC
425 West Capitol Avenue
Suite 3700
Little Rock, Arkansas 72201-2692
Telephone:   501-375-9151
Facsimile:    501-375-6484

COUNSEL FOR PLAINTIFF
BARBARA J. HASKINS

Stephen X. Munger
Georgia Bar No. 529611
Gregory L. Smith, Jr.
Georgia Bar No. 658369
JACKSON LEWIS LLP
1900 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, GA 30303-1226
Telephone:   404-525-8200
Facsimile:    404-525-1173

_____
Paul D. Waddell
Arkansas Bar No. 87179
Barrett & Deacon
A Professional Association
Regions Bank Building
300 South Church Street
Post Office Box 1700
Jonesboro, Arkansas 72403
Telephone:   870-931-1700
Facsimile:    870-931-1800

COUNSEL FOR DEFENDANT
BIG LOTS STORES, INC.